**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

1) GREG CONRADY,

Plaintiff,

v.

1) STATE FARM FIRE & CASUALTY COMPANY, a foreign corporation,

Defendant.

Case No. 17-CV-198-KEW

State Case No. CJ-2017-37
District Court of McIntosh County

**NOTICE OF REMOVAL**

Defendant State Farm Fire & Casualty Company ("State Farm") removes this action to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. This action is removable because there is complete diversity of citizenship between Plaintiff Greg Conrady ("Plaintiff") and State Farm and because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. In support of this Notice of Removal, State Farm states as follows:

**Procedural History**

1. On November 9, 2015, Plaintiff filed a Complaint against State Farm in this Court, styled as *Greg Conrady v. State Farm Fire & Casualty Company*, Case No. 15-CV-00426-:KEW, asserting claims for breach of contract, bad faith and punitive damages arising from State Farm's denial of coverage for damage sustained to Plaintiff's boat dock. (the "Initial Lawsuit"). In his Initial Lawsuit Plaintiff admitted that jurisdiction in this

Court is proper pursuant to 28 U.S.C. § 1332. A copy of the Complaint filed in Plaintiff's Initial Lawsuit is attached as Exhibit 1.

2. On May 17, 2016 Plaintiff filed a Stipulation of Dismissal in the Initial Lawsuit dismissing the case without prejudice to refiling.

3. On May 4, 2017, Plaintiff filed a Petition against State Farm, commencing the civil action styled *Greg Conrady v. State Farm Fire & Casualty Company*, Case No. CJ-2017-37, District Court of McIntosh County, State of Oklahoma (the "State Court Action"). Plaintiff has asserted identical claims for breach of contract, bad faith and punitive damages in the State Court Action as those contained in Plaintiff's Initial Lawsuit.

4. A copy of the Summons and Petition were served on State Farm through the Oklahoma Insurance Commissioner on May 15, 2017.

5. State Farm has thus filed this Notice of Removal within the 30-day period provided by 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a) and Local Rule LCvR 81.2, State Farm has attached as exhibits to this Notice of Removal true and legible copies of all documents filed or served in the State Court Action. A copy of the Docket Sheet from the State Court Action is attached as Exhibit 2. A copy of the Summons and Petition filed and served on the Oklahoma Insurance Department are attached as Exhibit 3. At the time of filing this Notice of Removal there have been no other filings or proceedings in the State Court Action except those attached as Exhibit 3.

**Diversity of Citizenship**

7. The Petition alleges that “Plaintiff has a policy of insurance with defendant pertaining to property in McIntosh County, Oklahoma.” (Ex. 2, Pet., ¶ I.)

8. State Farm is and was at the time of filing the Petition a citizen of Illinois. *See* 28 U.S.C. § 1332(c) (“For the purposes of this section and section 1441 of this title…a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business….”). State Farm is a corporation incorporated under the laws of Illinois with its principal place of business in Bloomington, Illinois.

9. Therefore, there is complete diversity of citizenship between Plaintiff and State Farm in accordance with 28 U.S.C. § 1332(a)(1).

**Amount in Controversy**

10. In his Petition, Plaintiff seeks the following damages:

a. Actual damages for cost of repair to his property in the sum of $20,000;
b. Unspecified damages in a sum in excess of $75,000;
c. Punitive or exemplary damages; and
d. Applicable attorneys’ fees and court costs.

(Ex. 2, Pet. at ¶¶ IV - VI.)

9. Plaintiff seeks contract damages of $20,000. (Ex. 2, Pet. at ¶ IV.) The policy limits of his Homeowners Policy from State Farm were $106,500 for the boat dock. Thus, the policy limits—and State Farm’s potential contractual liability—may be up to $106,500.

10. Plaintiff also seeks tort damages for his bad faith claim. Indeed, Plaintiff’s Petition includes specific allegations in support of bad faith tort claim that might support

an additional award of damages. (*See* Ex. 2, Pet. at ¶ V) (alleging that "State Farm failed to make or conduct an adequate investigation to determine that Plaintiff's loss was covered by their insurance policy with Plaintiff. By reason of such bad faith Plaintiff has been damaged in a sum in excess of $75,000"). )

11. Plaintiff also seeks punitive damages, in an amount in excess of $75,000. . (*See* Ex. 2, Pet. at ¶ VI).

12. Finally, Plaintiff seeks an award of attorneys' fees. (Ex. 2, Pet. at ¶ VI.)

13. Thus, if Plaintiff were to recover $20,000 on his contract claim, "in excess of $75,000" for Plaintiff's bad faith tort claim, and "in excess of $75,000" for Plaintiff's punitive damages claim, the amount in controversy would be no less than $170,000.

14. Considering Plaintiff's claims together, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332.

**Venue and Notice**

15. Venue is appropriate in this Court, as this Court embraces the district in which the State Court Action was pending.

16. Written notice of the filing of this Notice of Removal will be given promptly to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of McIntosh County, Oklahoma, as required by 28 U.S.C. § 1446(d).

**Conclusion**

17. This is a civil action over which this Court has original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332. This action is one that may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. § 1441 in that

it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

18. Therefore, under the applicable provisions of 28 U.S.C. §§ 1332, 1441, and 1446, State Farm has complied with all necessary requirements and is entitled to remove this action.

Accordingly, State Farm removes all claims in the State Court Action from the District Court of McIntosh County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

Dated: May 25, 2017

Respectfully submitted,

s/ Robert J. Carlson

Lisa T. Silvestri, OBA No. 19239
Robert J. Carlson, OBA No. 19312
GableGotwals
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
*lsilvestri@gablelaw.com*
*rcarlson@gablelaw.com*

**Counsel for Defendant**
**State Farm Fire & Casualty Company**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2017, a copy of the above and foregoing document was mailed, postage prepaid, to the following counsel of record:

E.W. Keller, OBA No, 4918
KELLER, KELLER & DALTON
119 North Robinson, Suite 825
Oklahoma City, OK 73102

s/Robert J. Carlson
Robert J. Carlson