# Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

1. GREG CONRADY,           )
                           )
                           )
        Plaintiff,         )
                           )
v.                         ) Case No.:15-CV-00426-KEW
                           )
1. STATE FARM FIRE AND CASUALTY )
   COMPANY, an Illinois for profit Insurance )
   Corporation,            )
                           )
        Defendant.         )

## COMPLAINT

### A. Parties

1.  Plaintiff, Greg Conrady, is a citizen of the State of Oklahoma.

2.  Defendant, State Farm Fire and Casualty Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Illinois.

3.  The principal place of business for Defendant, State Farm Fire and Casualty Company, is Bloomington, Illinois.

4.  The Defendant, State Farm Fire and Casualty Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5.  This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs

## C. Facts

7. At all times material hereto, the Plaintiff, Greg Conrady, owned property, including a boat dock, located at 68255 Ash Road in Porum, Oklahoma.

8. At all times material hereto, the Plaintiff's boat dock was insured pursuant to the terms and conditions of a homeowners insurance policy, policy number 36-EC-1631-0, issued by the Defendant, State Farm Fire and Casualty Company.

9. On or about May 23, 2015, Plaintiff's boat dock was damaged and/or destroyed as the result of high winds. Said damage to Plaintiff's boat dock is covered under the terms and conditions of Plaintiff's homeowners insurance policy issued by the Defendant.

10. At all times material hereto, Plaintiff complied with the terms and conditions of his insurance policy.

11. Wind damage is a covered peril not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant.

## D. Count I Breach of Contract

12. Plaintiff, Greg Conrady, hereby asserts, alleges and incorporates paragraphs

1-11 herein.

13. The insurance policy, No. 36-EC-1631-0, issued by Defendant, State Farm Fire and Casualty Company, was in effect on May 23, 2015.

14. The acts and omissions of Defendant, State Farm Fire and Casualty Company, in the investigation, evaluation and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant breached its contract with Plaintiff by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly denying Plaintiff's claim for wind damages to the boat dock without adequate investigation as to the cause and origin of the damage.

15. The Defendant's failure to pay for the Plaintiff's covered damage was unreasonable and amounts to a breach of the insurance contract because the damages are the result of wind damage from the May 23rd, 2015 wind storm, which is explicitly covered by the terms and conditions of the policy issued by Defendant. Defendant failed to conduct a reasonable investigation as to the cause of Plaintiff's boat dock damage and instead concluded, without ever setting foot on Plaintiff's boat dock, that the damages were caused by wave activity and were not the result of wind, which is a covered peril. Defendant's investigation was unreasonable as Defendant did not do any forensic analysis of the damage to Plaintiff's boat dock. Further, Defendant did no engineering or forensic analysis to

determine the force necessary to cause Plaintiff's boat dock to fail. Additionally, the Defendant did no investigation to determine the water depth, wind velocity and/or sustained wind speeds on the evening that Plaintiff's boat dock was damaged. This information is necessary to determine whether waves caused or contributed to the failure of Plaintiff's boat dock. Instead of doing a reasonable investigation of Plaintiff's claim, Defendant merely sent its adjuster(s) to Plaintiff's property where they stood on the shore and looked at the boat dock. Plaintiff offered to bring the Defendant's adjusters onto the dock for further inspection but the Defendant's assigned adjusters declined stating that they did not need to get on the dock. Additionally, the Defendant's adjuster admitted in email correspondence that he was unable to determine from looking at the dock from the shore whether the damage was caused by wind, a covered peril, or waves, a non-covered peril. Instead of doing further investigation and forensic analysis after Defendant's assigned adjuster acknowledged that he did not know whether the damage was caused by wind or waves, Defendant unreasonably and wrongfully sent a denial letter to Plaintiff.

### E. Count II Bad Faith

16. Plaintiff, Greg Conrady, hereby asserts, alleges and incorporates paragraphs 1-15 herein.

17. The acts and omissions of the Defendant, State Farm Fire and Casualty

Company, in the investigation, evaluation and denial of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

18. Defendant acted unreasonably and in bad faith by failing to adequately investigate and document damages to Plaintiff's boat dock. Defendant was hostile to the Plaintiff and failed to work with the Plaintiff in the investigation and adjustment of his property damage claim which resulted in a wrongful denial of policy benefits for covered damages. Defendant failed to conduct any investigation as to the cause of Plaintiff's boat dock damage and instead concluded, without any investigation, that the damages were caused by wave activity and were not covered. Defendant disregarded obvious evidence of wind damage, including eye witness accounts and wind report data, and attributed the cause of loss to wave action without any evidence, thus breaching its contract with Plaintiff and handling his claim in bad faith.

19. Had Defendant been reasonable in the investigation, evaluation, and payment of Plaintiff' claim, it would have resulted in the Plaintiff being paid for wind damage to the boat dock. Defendant's investigation was unreasonable as Defendant did not do any forensic analysis of the damage to Plaintiff's boat dock. Further, Defendant did no engineering or forensic analysis to determine the force necessary to cause Plaintiff's boat dock to fail. Additionally, the Defendant did no

investigation to determine the water depth, wind velocity and/or sustained wind speeds on the evening that Plaintiff's boat dock was damaged. This information is necessary to determine whether waves caused or contributed to the failure of Plaintiff's boat dock. Instead of doing a reasonable investigation of Plaintiff's claim, Defendant merely sent its adjuster(s) to Plaintiff's property where they stood on the shore and looked at the boat dock. Plaintiff offered to bring the Defendant's adjusters onto the dock for further inspection but the Defendant's assigned adjusters declined stating that they did not need to get on the dock. Additionally, the Defendant's adjuster admitted in email correspondence that he was unable to determine from looking at the dock from the shore whether the damage was caused by wind, a covered peril, or waves, a non-covered peril. Instead of doing further investigation and forensic analysis after Defendant's assigned adjuster acknowledged that he did not know whether the damage was caused by wind or waves, Defendant unreasonably and wrongfully sent a denial letter to Plaintiff.

### F. Count III Punitive Damages

20. Plaintiff, Greg Conrady, hereby asserts, alleges and incorporates paragraphs 1-19 herein.

21. The unreasonable conduct of the Defendant, State Farm Fire and Casualty Company, in the handling of Plaintiff's claim was intentional, willful, wanton and

was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

### G. Demand for Jury Trial

22. Plaintiff, Greg Conrady, hereby requests that the matters set forth herein be determined by a jury of his peers.

### H. Prayer

23. Having properly pled, the Plaintiff, Greg Conrady, hereby seeks contractual, bad faith and punitive damages against the Defendant, State Farm Fire and Casualty Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

/s *Michael D. McGrew*
Michael D. McGrew, OBA# 13167
Matthew M. McGrew, OBA# 32065
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEY FOR THE PLAINTIFF**